UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. |
| ) | 5:18-0011-DCR-MAS |
| v. ) | and |
| ) | Civil Action No. |
| KEVIN LABRICIO FRAZIER, ) | 5:20-0167-DCR-MAS |
| ) | |
| Defendant/Movant. ) | |
| ) | |

**REPORT & RECOMMENDATION**

This matter is before the undersigned on Petitioner Kevin Labricio Frazier's ("Frazier") Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. [DE 62]. Frazier alleges his trial counsel was ineffective for failing to object to the Court's determination at sentencing that he is a career offender. [DE 62]. The United States responded in opposition [DE 71], and Frazier filed a reply [DE 72]. After reviewing the record in its entirety, the Court recommends Frazier's motion be denied for the reasons detailed below.

**I.    RELEVANT FACTUAL BACKGROUND**

On February 1, 2018, a grand jury indicted Frazier with one count of assault resulting in serious bodily injury at the Federal Medical Center ("FMC") in violation of 18 U.S.C. § 113(a)(6). [DE 1]. The allegation in the Indictment arose from an incident during which Frazier, an inmate at FMC, repeatedly punched another inmate in the face. The facts adduced at trial established that, as a result of the assault, the victim briefly lost consciousness, suffered temporary loss of vision in one eye, pain and swelling, and two fractures to his orbital eye socket. [Transcript, DE 52; Order/Judgment of Sixth Circuit Court of Appeals, DE 59 at Page ID # 589-90]. On April 17,

1

2018, after a two-day trial, a jury convicted Frazier of the charge. [DE 32 and 33]. The trial court sentenced Frazier to 115 months imprisonment and three years of supervised release. [DE 45].

Frazier subsequently appealed his conviction and sentence. [DE 46]. Frazier specifically challenged his career-offender designation that resulted in a base offense level of 24 and criminal history category of VI that gave rise to a United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range of 100 to 120 months imprisonment. U.S.S.G. § 4B1.1(b)(5); U.S.S.G. Ch. 5, Pt. A. The Sixth Circuit affirmed Frazier's conviction and sentence, including his career-offender designation. [Order at DE 59, Mandate at DE 60]. Frazier then timely filed the present § 2255 motion.

## II.  ANALYSIS

To succeed on a § 2255 motion, petitioner "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). Ineffective assistance of counsel, if proven, could constitute a constitutional error. *Strickland v. Washington*, 466 U.S. 668, 685-87 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must prove (1) that their counsel's performance was deficient, and (2) that petitioner suffered prejudice due to said deficiency. *Id*. at 687. Deficient performance is shown only through proving "counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. A showing of prejudice requires a "reasonable probability that, but for counsel's unprofessional errors, the judicial outcome would have been different." *Id*. at 694-95. Frazier must adequately fulfill both components of the analysis, but courts need "not address both components of the deficient performance and prejudice inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (citing *Strickland*, 466 U.S. at 697).

Here, Frazier contends his trial counsel, Whitney True Lawson ("Lawson"), was ineffective for two reasons. First, Frazier argues that Lawson failed to contest his designation as a career offender or, more specifically, that instant offense qualified as a crime of violence. [DE 62 at Page ID # 605-6]. Second, also according to Frazier, Lawson "failed to argue that the common law definition of 'Assault' (18 U.S.C. § 113(a)) is divisible thereby requiring the modified categorical approach." [*Id*.].

As explained below, both of Frazier's grounds for relief lack a factual basis and legal merit.

A.   **CAREER OFFENDER DESIGNATION**

U.S.S.G. § 4B1.1 provides that

(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. The Guidelines define the term "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). As the Sixth Circuit and trial court found, Frazier was 30 years old at the time of the instant offense, satisfying first element of career offender designation, and he had two prior felony convictions that satisfied the third element.[1] As to the second element, the jury

---

[1] Frazier does not challenge the fact that his prior convictions for bank robbery and narcotics trafficking are both predicate offenses for the career offender designation. *See* Presentence Investigation Report at DE 48. "The petitioner represents to this court, in no uncertain terms that he is not arguing or otherwise suggesting that any 'prior' convictions fall outside the reach of what constitutes a crime of violence pursuant to § 4B1.2." [DE 62-2 at Page ID # 631].

3

specifically found Frazier guilty of an "assault resulting in serious bodily injury to another person."[23]  [*See* Jury Verdict at DE 32 and 33].

In *United States v. Verwiebe*, 874 F.3d 258 (6th Cir. 2017), the Sixth Circuit ruled that 18 U.S.C. § 113(a)(6) is a crime of violence pursuant to U.S.S.G. § 4B1.2(a)(1), satisfying the second element of the career offender designation:

> Whether § 113(a)(6) qualifies is a question that answers itself:  How would it be possible to suffer serious bodily injury without force capable of producing such injury?  Our precedent says as much, holding that crimes requiring proof of serious physical injury necessarily require proof of violent physical force.  *United States v. Anderson*, 695 F.3d 390, 401 (6th Cir. 2012).  That begins and ends our inquiry.

*Id*. at 261.

Lawson, in her sworn Affidavit, testified that she did not raise an objection to the trial court's determination that Frazier's assault conviction qualified him for the career offender designation because it would have "constitute[d] a frivolous objection" pursuant to this binding precedent.  [Affidavit of Whitney True Lawson, DE 71-1, ¶ 7 at Page ID # 682].  "Failure of trial counsel to raise wholly meritless claims cannot be ineffective assistance of counsel."  *United States v. Martin*, 45 Fed. App'x. 378, 381 (6th Cir. 2002) (citing *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984)).

---

[2] Frazier argues as part of his first ground for relief that the Court did not provide the proper jury instructions on the elements of assault.  To the extent Frazier directly challenges the jury instructions, he did not raise that issue on direct appeal; thus, "the claim is procedurally defaulted." *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001).  *See United States v. West*, No. 06-20185, 2017 WL 130286, at *2 (E.D. Mich. Jan. 13, 2017) (finding a failure to raise an issue on direct appeal constitutes a procedural default); *Sullivan v. United States*, 587 F. App'x 935, 942 (6th Cir. 2014) (holding *Brady* claim in § 2255 review is procedurally barred when not raised on appeal).

[3] Frazier spills a considerable amount of ink discussing "attempt" to commit the crime of assault [See De 62-2, Page ID # 632-34], but Frazier was indicted on charges of and convicted of a completed assault, not an attempted assault.  Any discussion of attempted assault is inapposite here.

Moreover, counsel is not deficient for choosing one strategy over another. Lawson rigorously argued in her Sentencing Memorandum [DE 39] and at the sentencing hearing that the Court should apply a two-level decrease to Frazier's base offense level because he accepted responsibility for the assault but went to trial to challenge the government's allegations that it was an assault resulting in a serious bodily injury rather than a simple assault. [Transcript at DE 54, Page ID # 556]. "Strategic decisions of defense counsel are 'virtually unchallengeable.'" *Leonard v. Warden, Ohio State Penitentiary*, 846 F.3d 832, 849 (6th Cir. 2017) (*quoting Buell v. Mitchell*, 274 F.3d 337, 359 (6th Cir. 2001)); *see also Goldman v. Anderson*, 625 F.2d 135 (6th Cir. 1980) (stating that a failure to object, when it is a tactical decision by counsel, without more, will not provide a basis for habeas relief.). "Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . . [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (internal citations and quotation marks omitted; alteration in original).

Lawson chose to forego a "frivolous objection" on a well-settled point of law and instead implored the Court to reduce her client's base offense level on other grounds. [Transcript at DE 54, Page ID # 556]. On appeal Frazier unsuccessfully argued—in a brief Lawson filed—that the career offender designation was improper because the "evidence does not establish that [Frazier's assault of the victim] resulted in serious bodily injury." *United States v. Frazier*, No. 18-5769, 769 Fed. App'x. 268, 272 (6th Cir. 2019) (affirming the sufficiency of the evidence for the conviction and the sentence). Frazier has failed to show that Lawson's performance was deficient; furthermore, he has failed to show that he suffered any prejudice from the lack of objections to

5

undisputed Sixth Circuit law—objections he was almost certain to lose. Accordingly, Frazier has failed to meet both prongs of the *Strickland* standard, and the Court recommends his § 2255 petition be denied on this ground.

**B.    MODIFIED CATEGORICAL APPROACH**

In his second ground for § 2255 relief, Frazier argues that his counsel was ineffective because she "failed to argue that the common law definition of 'assault' (18 USC § 113(a)) is divisible thereby requiring the modified categorical approach and as a result, it would not be considered a crim of violence pursuant to USSG 4B1.2." [DE 62 at Page ID # 606].

In short, Frazier's argument is based on a misunderstanding of the law. The modified categorical approach applies where a statute is divisible (*i.e.*, more than one set of alternative elements may be used to prove the statutory violation). Frazier was convicted of 18 U.S.C. § 113(a)(6), which the Sixth Circuit has affirmed is an indivisible statute to which the categorical approach—not the modified categorical approach—applies. *See United States v. Verwiebe*, 874 F.3d 258, 260 (6th Cir. 2017) ("When an offense sets out a single set of elements to define a single crime, as all parties agree is the case here, it is indivisible. *Mathis v. United States*, ––– U.S. –––, 136 S.Ct. 2243, 2248, 195 L.Ed.2d 604 (2016). In evaluating an indivisible offense, we apply the categorical approach. That means we look only to the statutory definition of the offense rather than to the facts underlying the conviction to determine whether it counts as a crime of violence.").

Here, the elements to prove 18 U.S.C. § 113(a)(6), as set forth in the jury instructions, are: (1) that the defendant assaulted another person; (2) as a result of the assault, that person suffered serious bodily injury; and (3) the assault took place within the boundaries of an area within the special maritime and territorial jurisdiction of the United States. These are the only elements by which the United States can prove a violation of 18 U.S.C. § 113(a)(6). Thus, the categorical approach applies. Lawson was not deficient for failing to raise a legally incorrect and meritless

6

argument at trial or sentencing. Accordingly, Frazier also failed to prove both *Strickland* prongs for his second ground for relief.

### III.    CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") shall issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473,484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Frazier's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is **RECOMMENDED** that a certificate of appealability be **DENIED** upon the District Court's entry of its final order in this matter.

### IV.    RECOMMENDATION

For the reasons stated in this decision, the Court **RECOMMENDS** that:

1.    the District Court **DENY**, with prejudice Frazier's § 2255 motion [DE 62]; and

7

2. the District Court **DENY** a certificate of appealability as to all issues, should movant request a COA.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b) (1), Fed. R. Civ. P. 72(b), Fed. R. Crim. P. 59(b), and local rule, within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

Entered this 11th day of September, 2020.



Signed By:
Matthew A. Stinnett  *MAS*
United States Magistrate Judge