UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 5: 18-011-DCR |
| | ) | and |
| V. | ) | Civil Action No. 5: 20-167-DCR |
| | ) | |
| KEVIN LABRICIO FRAZIER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Kevin Labricio Frazier has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  [Record No. 62]  Frazier alleges that his trial counsel was constitutionally ineffective by failing to object to his career offender status.  The motion has been fully briefed, and the United States Magistrate Judge assigned to the case has issued a Report and Recommendation ("R&R").  [Record Nos. 71, 72, and 74]  Frazier has also filed objections to the R&R.  [Record No. 77]  The R&R will be adopted in full and Frazier's motion will be denied because his arguments are without merit.

**I.**

Frazier repeatedly beat and punched a fellow inmate, Jordan Hughes, in the face while Frazier was incarcerated at the Federal Medical Center in Lexington, Kentucky.  [Record No. 52, p. 21]  Hughes suffered multiple facial fractures, pain, and loss of consciousness.  [*Id.* at p. 17]  following the incident, Frazier was indicted for one count of assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6).  [Record No. 1]  Frazier admitted during

trial that he had assaulted Hughes, and that the assault took place at a federal correctional institution. However, he argued that Hughes did not suffer "serious" bodily injury as a result of his actions. [*Id.* at pp. 23–28] The jury disagreed and found Frazier guilty. [Record No. 32]

During the sentencing hearing, Frazier, through counsel, did not object to his career offender status. [Record No. 54, pp. 6–7] Frazier was sentenced to 115 months' imprisonment, followed by three years of supervised release. [Record No. 45] On appeal, Frazier challenged his designation as a career offender. *United States v. Frazier*, 769 F. App'x 268, 272 (6th Cir. 2019). He contended that, because the evidence only established guilt for simple assault, his instant offense of conviction did not constitute a crime of violence. *Id.* The Sixth Circuit easily rejected his arguments and affirmed the judgment and sentence. *Id.* Frazier now seeks to again challenge this determination through a § 2255 motion. [Record No. 62]

## II.

The United States Magistrate Judge issued an R&R on September 11, 2020, rejecting Frazier's arguments and recommending that his motion be denied. [Record No. 74] The Court "must determine de novo any proposed finding or recommendation to which objection is made." Rule 8(b) of the *Rules Governing Section 2255 Proceedings*. However, review is not necessary where a defendant fails to object. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). As noted, Frazier has filed timely objections. [Record No. 77] Accordingly, the Court has conducted a *de novo* review of the R&R.

As noted, Frazier argues that his counsel was ineffective for failing to object to his designation as a career offender. Specifically, he challenges his attorney's failure to argue that his assault of Hughes does not qualify as a crime of violence. [Record No. 62, pp. 5–6] Ineffective-assistance-of-counsel claims are governed by *Strickland v. Washington*. 466 U.S. 668, 687 (1984). *Strickland*'s two-part test requires that Frazier establish that his "counsel's representation fell below an objective standard of reasonableness," *id.* at 687–89, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. His arguments fall short under this standard.

At sentencing, Frazier's guidelines range was calculated based on his designation as a career offender. A defendant is a career offender under the United States Sentencing Guidelines if:

> (1) [he] was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) [he] has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Frazier does not dispute the first or third requirements. He alleges, however, that his trial counsel was ineffective by failing to argue that the instant offense of conviction (i.e., assault resulting in serious bodily injury) was not a crime of violence. His argument is foreclosed by binding precedent.

A crime of violence "means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). Frazier was convicted of a violation of 18 U.S.C. § 113(a)(6), which forbids "[a]ssault

- 3 -

resulting in serious bodily injury" within the territorial jurisdiction of the United States.[1] "Whether § 113(a)(6) qualifies [as a crime of violence] is a question that answers itself: How would it be possible to suffer serious bodily injury without force capable of producing such injury?" *United States v. Verwiebe*, 874 F.3d 258, 261 (6th Cir. 2017). The Sixth Circuit has left no room for debate: Frazier's conviction qualifies him for designation as a career offender.

Trial counsel stated in an affidavit that any challenge to Frazier's career-offender designation would "constitute a frivolous objection" in light of *Verwiebe*. [Record No. 71-1, ¶ 7] And on direct appeal, the Sixth Circuit found the argument that his offense did not qualify him for a career-offender designation to be "without merit." *Frazier*, 769 F. App'x at 272. His argument remains frivolous and meritless today.

It is well-established that "[f]ailure of trial counsel to raise wholly meritless claims cannot be ineffective assistance of counsel." *United States v. Martin*, 45 F. App'x 378, 381–82 (6th Cir. 2002) (citing *Strickland*, 466 U.S. at 686–87); *see also United States v. Brown*, 727 F. App'x 126, 132 (6th Cir. 2018) (finding counsel was not constitutionally ineffective where the defendant "clearly met all three conditions necessary to be sentenced as a career offender pursuant to U.S.S.G. § 4B1.1(a)"). Frazier can offer no evidence to overcome this weakness in his claims, and his motion will be denied.

---

[1]   Whether this offense of conviction constitutes a crime of violence is assessed under the categorical approach. *United States v. Verwiebe*, 874 F.3d 258, 260 (6th Cir. 2017). To the extent Frazier continues to argue the modified categorical approach applies, his argument lacks merit.

## III.

Finally, the Court must issue or deny a Certificate of Appealability when it enters a final order that is adverse to the movant in a § 2255 proceeding.  Rule 11 of the *Rules Governing Section 2255 Proceedings*; 28 U.S.C. § 2253(c)(1)(B).  A Certificate of Appealability may be issued only when the defendant has "made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  To satisfy this burden, a defendant must show that reasonable jurists could debate whether the petition should have been resolved in a different way or that the issues involved were adequate to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Frazier cannot establish that a challenge to his designation as a career offender would have succeeded.  And as the Court has explained, counsel was not obligated to present a meritless argument.  Under binding Sixth Circuit precedent, assault resulting in serious bodily injury is a crime of violence.  No reasonable jurist could debate whether counsel's failure to disregard binding precedent and object to Frazier's career offender status was constitutionally ineffective.  Accordingly, a Certificate of Appealability will be denied.

## IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that

1.    Defendant Frazier's motion to correct, vacate, or set aside sentence pursuant to 28 U.S.C. § 2255 [Record No. 62] is **DENIED.**

2.      The United States Magistrate Judge's Report and Recommendation [Record No. 74] is **ADOPTED** and **INCORPORATED**, in full.  Frazier's objections to the Report and Recommendation [Record No. 77] are **OVERRULED**.

3.      A Certificate of Appealability shall not issue on any issue presented by Frazier.

Dated: October 19, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky